UTICA,
August, 1823.

EX PARTE,
BOSTWICK.

### *Ex parte*, BOSTWICK.

J. PORTER, moved for a *mandamus* to the Judges of the Court of Common Pleas of *Cayuga* County, requiring them to proceed and give judgment for the plaintiff, in a cause brought there by *Bostwick* against *Young*. The jury found a verdict for the plaintiff, but the C. P. had arrested the judgment, for the alledged insufficiency of the declaration. That a *mandamus* was the proper remedy, he referred to *Horne* v. *Barney*, (19 *John*. 247.) He insisted that a writ of error will not lie on an arrest of judgment, and the rule is, that, in all cases where error will not lie, the method of correcting the errors of inferiour courts is by *mandamus*. (*Fish* v. *Weatherwax*, 2 *John*. *Cas*. 215. 19 *John*. *Rep*. 247.) The plaintiff cannot sue again, till some judgment is entered in the cause ; for, if he does, the defendant may plead the pendency of the former action.

Mandamus will not lie to compel a court of common pleas to vacate a rule arresting judgment.

The course is, for the party against whom the rule is made, to apply for judgment against himself, and then bring error. If the court below refuse to give judgment against him, this court will then interfere by mandamus.

*G. C. Bronson*, contra, said the proper remedy was by writ of error—not *mandamus*. For this purpose, the Court below will give judgment against the plaintiff, on his asking them to do so. (*Fish* v. *Weatherwax*, 2 *John*. *Cas*. 215.) The last case is reviewed in *Horne* v. *Barney*, (19 *John*. *Rep*. 247.) The act of the Common Pleas was a judicial one ; and the Court will not compel them, in this summary form, to change their opinion ; but will interfere, by *mandamus*, only when they have refused to alter the form of the proceeding, so as to give the party a remedy by writ of error.

*Porter*, in reply, said that the case of *Fish* v. *Weatherwax*, was misunderstood.. The Court merely decide there, that where a party wishes judgment against himself, they will order it. Here it does not appear that such a judgment is desired by the party. There is no object to be attained by a writ of error, beyond what would be afforded by *mandamus*. By vacating the rule in arrest we have a right to enter our judgment. A writ of error would merely result in a venire *de novo*.

*Curia.* *Mandamus* will not lie in cases where a remedy may be had by writ of error. Now, it is plain, from the cases cited by the counsel for the defendant, that error will lie where judgment is arrested—not directly and in the first instance—but the party wishing to bring error, should apply to the Court below for judgment against himself. For instance, the plaintiff who applies here should have prayed judgment for the defendant in the Court below. For refusing this, a *mandamus* would lie. And when the record is put in this form, error may be brought.

Motion denied.