### CORTLEYOU v. TEN EYCK.

1. Since the act of 1846, (*Rev. Stat.* 229) constituting courts for the trial of small causes, the Court of Common Pleas, in cases of appeal from these courts, cannot grant a new trial.

2. The fifty-second section of that act is a *restraining*, not a *repealing* clause, and is not affected by the second section of the general repealing act, which provides that the *repeal* of any statutes should not affect any action then pending: it took away the power of granting new trials in causes then pending.

3. A *mandamus* is the proper remedy to compel an inferior court to give judgment on a verdict when it cannot grant a new trial; or, in general, to compel the performance of any act which the inferior court has no discretion to refuse.

This cause was tried on appeal before the Court of Common Pleas of Somerset, and a verdict rendered in favor of the plaintiff. That court refused to render judgment on the verdict, but, on motion of the defendant, set it aside, and ordered a new trial. At the last term of this court a rule to show cause why a *mandamus* should not issue commanding the Court of Common Pleas to render judgment on the verdict, was granted on motion of the plaintiff's counsel, which is now sought to be made absolute.

Argued before NEVIUS and OGDEN, Justices. *Ransom*, in support of rule, *G. H. Brown*, contra.

NEVIUS, J.   Two questions are presented by this case for our decision :

1st. Had the Court of Common Pleas any lawful right or authority to order the verdict to be set aside, and award a new trial.

2d. If they had not, is a *mandamus* the proper remedy.

As to the first of these, it was long since decided by this court, that the courts of Common Pleas, by the constitution of said courts, as well as by the principles of the ancient common law, had the right to set aside verdicts, and grant new trials, and as well in cases of appeal as in other cases. *Squier et al.* v. *Gale*, 1 *Halst.* 157. Since that decision, I am not aware that this right has been questioned in this court, until the passage of the late act "constituting courts for the trial of small causes," in 1846. *Rev. Stat.* 229. By the fifty-second section of that act, it is expressly declared, "that after the trial of an appeal in the Court of Common Pleas, no new trial shall be granted by that court." The order made by the court below in this case is directly in violation of this statutory provision, unless, as the defendant contends, this power was by another statute reserved to these courts in all cases of appeal pending when the foregoing statute was passed. Let us inquire if this is so. By the second section of the "general repealing act," passed and approved the same year, (*Rev. Stat.* 709) it is enacted, "That the repeal of any statutory provision by *this act* shall not affect any act done, or right accrued or established, or any proceeding, suit, or prosecution, had or commenced in any civil case previous to the time when such repeal shall take effect," &c. Now the fifty-second section of the small cause act is no repeal of any statutory provision whatever. The courts of Common Pleas did not derive their power to grant new trials from any statutory provision, for there was no such provision in any statute, but, as remarked by the court in the case cited, from their constitution and the principles of the common law. The second section, therefore, of the repealing act in no wise affects the operation of the fifty-second section of the small cause act, which was restraint of a common law power, and applied as

well to appeals then pending, as to those afterwards brought. It will follow, then, that the Court of Common Pleas had no legal right or authority to set aside the verdict in this case, and grant a new trial.

For this error in the court below, is a *mandamus* the proper remedy? I think it is. A *mandamus* is a prerogative writ to an inferior judicature, commanding it to do some particular thing appertaining to its office and duty, and which the higher court has previously determined or supposes to be consonant to justice. 3 *Blac.* 110. But if the thing sought to be accomplished, is a thing which the inferior court has a discretionary power to do or to refuse to do, and has exercised its discretion in doing or refusing to do it, the remedy is not by *mandamus.* 12 *J. R.* 414. A *mandamus* lies to the sessions, to compel them to give judgment on a verdict which they have set aside on the merits. 1 *J. C.* 179. It lies to the Common Pleas to compel them to sign a bill of exceptions. 6 *J. R.* 279. So it lies to the same court to compel them to give judgment on a verdict, in order that a writ of error may be brought. 19 *J. R.* 247; 1 *Cow.* 143. It lies to a justice of the peace to compel him to render judgment on a verdict which he had no power to set aside, (*Penn.* 1024) or to compel him to issue an execution on a judgment. 6 *Halst.* 38; 3 *Green* 22. All these cases show that where the act required to be done, is one which the inferior court has no discretion to refuse, the *mandamus* is the proper remedy. In the case before us the Common Pleas had no right to set aside the verdict, and grant a new trial, and consequently no discretionary power to refuse to enter judgment on the verdict rendered in the case. Let the rule be made absolute.

OGDEN, J., concurred. (a)

---

(a) In a note (or rather treatise, of 112 pages,) to *Fish* v. *Weatherwax*, 2 *Johns. Cases* 215 (2 *Ed.* 1848), the reader will find the law relating to *mandamus* fully discussed, and the authorities collected.

CITED in *State* v. *Common Pleas of Passaic*, 9 *Vr.* 184.